**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 27, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID WAYNE HAGIN,

Petitioner-Appellant,

v.

STATE OF OKLAHOMA;
STEPHENS COUNTY,

Respondents-Appellees.

No. 05-6031
(Western District of Oklahoma)
(D.C. No. 04-CV-1510-M)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

David Wayne Hagin, proceeding *pro se*, appeals the district court's

dismissal of his "Application for Writ of Error 28 U.S.C. § 1651(a)." The district

court dismissed Hagin's Application on the basis of lack of subject matter

jurisdiction, concluding that Hagin's claims must be brought in a

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 2254 habeas corpus petition. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

Hagin was convicted in Oklahoma state court of attempted manufacture of methamphetamine and was sentenced to twenty years' imprisonment. More than two years after his conviction became final, Hagin filed an application for post-conviction relief in state court. After the state court denied the relief, the Oklahoma Court of Criminal Appeals affirmed. Hagen thereafter filed the instant Application pursuant to 28 U.S.C. § 1651(a). In the Application, Hagin attacks his state court conviction on the grounds that he was denied his Sixth Amendment right to the effective assistance of counsel. In particular, Hagin asserts that his trial counsel was operating under a conflict of interest and refused to adequately present his defense. Hagin also contends that the state courts erred in failing to conduct an evidentiary hearing on his claims when he sought state post-conviction relief.

The district court concluded that it lacked jurisdiction over Hagin's Application because claims such as those asserted in the Application must be brought in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court refused to construe the Application as a petition for habeas corpus because (1) Hagin had specifically disavowed such an interpretation; and (2) even if construed as a habeas petition, the action would be time-barred under

the limitations period set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Upon review of the magistrate judge's report and recommendation, the district court's orders, Hagin's appellate filings, and the entire record on appeal, this court affirms the district court for substantially those reasons set out in the report and recommendation dated November 24, 2004, and district court order dated January 8, 2005. It is absolutely clear that because Hagin seeks to set aside his state court conviction, his sole remedy lies in a habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when state prisoner challenges fact or duration of imprisonment and seeks release from that imprisonment, sole federal remedy is a writ of habeas corpus); *see also Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985) ("The All Writs Act [contained in 28 U.S.C. § 1651] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."). Likewise, in light of Hagin's specific statement that he did not want to proceed pursuant to § 2254 and the futility of construing the Application as arising under § 2254, the district court did not abuse its discretion in refusing to construe the Application as a habeas petition.

For those reasons set out above, the United States District Court for the Western District of Oklahoma is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge